Rick L. Koehmstedt, Wyoming Bar No. 6-3101
SCHWARTZ, BON, WALKER & STUDER, LLC
141 South Center, Suite 500
Casper, WY 82601
307-235-6681
307-234-5099 fax
rick@schwartzbon.com

Charles L. Barnum, Wyoming Bar No. 6-3094
CHARLES L. BARNUM, P.C.
409 Broadway, Suite A
Rock Springs, WY 82901
307-382-7500
307-362-3309 fax
charles@barnumlawoffice.com
Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

RICHARD KAIL, individually, and NICOLE )
CAIN as PERSONAL REPRESENTATIVE )
for the ESTATE OF LEON CAIN, deceased, )
                                    )
          Plaintiffs, )
                                    )
                                    )     Case No.: 22 CV 17-SWS
vs. )
                                    )
CARAVAN CARGO GROUP, INC., an Ohio )
Corporation, BORDERLANDERS, INC., a )
Pennsylvania Corporation, MUROD )
KHOLBEKOV, PETRA TRUCKING, LLC, a )
Texas Limited Liability Company, and )
KOUASSI AGBOBLI, )
                                    )
          Defendants. )

## COMPLAINT AND JURY DEMAND

COME NOW Plaintiffs Richard Kail, individually, and Nicole Cain as the Personal

Representative for the Estate of Leon Cain, by and through their undersigned attorneys, and for their

Complaint against Defendants hereby state and allege as follows:

## PARTIES TO THE ACTION

1.      At all times material to this Complaint, Plaintiff Richard Kail was a resident of Fremont County, Wyoming.

2.      At all times material to this Complaint, Plaintiff Nicole Cain and decedent Leon Cain were residents of the Sweetwater County, Wyoming.  Plaintiff Nicole Cain was the spouse of Leon Cain and was appointed the Personal Representative of the Estate of Leon Cain by the Third Judicial District Court in Sweetwater County, Wyoming on July 21, 2021.  Leon Cain died on April 18, 2021 due to causes unrelated to this accident.  This survivorship action for personal injury damages is brought pursuant to Wyo. Stat. § 1-4-101.

3.      At all times material to this Complaint, Defendant Caravan Cargo Group, Inc. ("Caravan") was an Ohio corporation with its principal place of business in the state of Ohio. Caravan is engaged in interstate transportation of cargo for hire.

4.      At all times material to this Complaint, Defendant Borderlanders, Inc. ("Borderlanders") was a Pennsylvania corporation with its principal place of business in the state of Pennsylvania.  Borderlanders is engaged in interstate transportation of cargo for hire.

5.      At all times material to this Complaint, Defendant Murod Kholbekov ("Kholbekov") was a resident of the state of Ohio and was an employee and agent of Caravan and Borderlanders and acting in the scope of employment.

6.      At all times material to this Complaint, Defendant Petra Trucking, LLC ("Petra") was a Texas limited liability with its principal place of business in the state of Texas.  At the time of this wreck Petra was engaged in interstate transportation of cargo for hire.  On information and belief, all members of Petra Trucking, LLC are citizens of Texas.

2

7.     At all times material to this Complaint, Defendant Kouassi Agbobli ("Agbobli") was an employee and agent of Petra acting in the scope of employment, and was a resident of the state of Texas.

## JURISDICTION AND VENUE

8.     This is a civil action asserted by Plaintiffs involving claims in an amount exceeding $75,000.00, excluding interest and costs. The Plaintiffs and Defendants in this action are citizens of different states. This Court has jurisdiction pursuant to 28 U.S.C. §1332.

9.     The motor vehicle accident giving rise to the Plaintiffs' claims against Defendants herein occurred in Sweetwater County, Wyoming. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2).

10.     Plaintiff Richard Kail and decedent Leon Cain received certain benefits from Wyoming Workers' Compensation. Accordingly, a copy of this Complaint has been served upon the Attorney General for the State of Wyoming and the Director of the Wyoming Workers' Compensation Division, by certified mail, return receipt requested, as required by Wyo. Stat. § 27-14-105.

## STATEMENT OF FACTS

11.     Plaintiffs incorporate and restate the allegations set forth in Paragraphs 1 through 10 of this Complaint.

12.     At approximately 8:00 a.m. on February 3, 2020, Plaintiff Richard Kail was a passenger in a tractor-trailer driven by Leon Cain eastbound on Interstate I-80 in Sweetwater County, Wyoming.  Both Kail and Leon Cain were employees of Trimac Transportation, Inc.("Trimac") and were acting in the scope of their employment.

13.     The road conditions were poor, with icy conditions, high wind and poor visibility, requiring reduced speeds. Indeed, I-80 had been closed in many locations on that day due to

3

increasingly poor road conditions.  Leon Cain properly reduced his speed in light of the existing road conditions and visibility.

14.     Some distance ahead of the Trimac vehicle driven by Leon Cain, Defendant Kholbekov was operating a tractor-trailer combination traveling eastbound on Interstate I-80.  On information and belief, the tractor driven by Kholbekov was owned by Caravan, but was operating under Borderlanders' federal operating authority (MC # 1019332) pursuant to an agreement. Kholbekov was pulling a trailer owned and operated by Amazon Ground.

15.     Kholbekov was driving far too fast for the windy and icy conditions in a reckless and dangerous manner.     Due to his excessive speed, Kholbekov lost control of his truck and collided with another eastbound tractor-trailer as he was attempting to pass.  The collision between Kholbekov and the other tractor-trailer created a hazard to oncoming traffic, including Plaintiff Richard Kail and Leon Cain.

16.     Shortly after Kholbekov collided with the vehicle he was passing, Defendant Agbobli came upon the scene driving the Petra tractor and pulling a trailer owned and operated by Amazon Ground.  Even though I-80 was not blocked, Agbobli chose to completely stop in the middle of I-80 creating an extreme hazard to oncoming traffic, including Plaintiff Kail and Leon Cain.

17.     After Agbobli recklessly and negligently stopped the Petra truck in the middle of I-80, multiple vehicles collided with Agbobli, including a Dodge Ram pickup and another tractor-trailer.

18.     Shortly thereafter, Leon Cain and Kail came upon the hazardous condition created by Kholbekov and Agbobli blocking I-80.  Cain was driving at a safe and reasonable speed. However, due to the sudden and unexpected hazard created by Kholbekov and Agbobli, Leon Cain was forced to take evasive action and exit I-80 and enter the median to the left of eastbound I-80.

4

19.     A short time later, before Cain and Kail could exit the Trimac tractor, another tractor-trailer entered the median to avoid the hazard created by Kholbekov and Agbobli and slammed into the Trimac tractor.  The impact from this tractor-trailer completely obliterated the tractor Cain and Kail were occupying and caused severe and life altering injuries to both Plaintiff Kail and Leon Cain.



20.     The severe injuries suffered by Plaintiff Kail and Leon Cain were the direct and proximate result of the recklessness and negligence of Kholbekov and Agbobli.

21.     Defendant Kholbekov had a duty to drive his tractor-trailer combination safely and in accordance with the existing conditions of the roadway.

22.     Defendant Kholbekov had a duty to maintain a proper lookout for other traffic and heed warnings of traffic conditions.

23.     Defendant Kholbekov had a duty to keep proper control of the tractor-trailer he was driving.

24.     Defendant Agbobli had a duty to drive his Petra tractor-trailer safely and in accordance with the existing conditions of the roadway.

25.     Defendant Agbobli had a duty to maintain a proper lookout for other traffic and heed warnings of traffic conditions.

26.     Defendant Agbobli had a duty to keep proper control of the Petra tractor-trailer he was driving.

27.     Defendants Kholbekov and Agbobli breached these, and other, applicable duties. As a direct and proximate result of Kholbekov's and Agbobli's breach of duties, Plaintiff Richard Kail and Leon Cain suffered significant and life-altering injuries and damages including, but not limited to, past and future medical expenses, past and future loss of earnings and other economic loss, loss of their ability to earn, loss of enjoyment of life, physical and mental pain and suffering, emotional distress and permanent disability.

28.     Defendants Caravan and Borderlanders had a duty to properly hire, train and supervise its employees, including Defendant Kholbekov.

29.     Upon information and belief, Defendants Caravan and Borderlanders failed to properly hire, train or supervise Defendant Kholbekov and therefore breached their duty.  As a direct and proximate result of Caravan's and Borderlanders' breach of duties, Plaintiff Richard Kail and Leon Cain suffered significant and life-altering injuries and damages including, but not limited to, past and future medical expenses, past and future loss of earnings and other economic

loss, loss of his ability to earn, loss of enjoyment of life, physical and mental pain and suffering, emotional distress and permanent disability.

30.    Defendant Petra had a duty to properly hire, train and supervise its employees, including Defendant Agbobli.

31.    Upon information and belief, Defendant Petra failed to properly hire, train or supervise Defendant Agbobli and therefore breached its duty.  As a direct and proximate result of Petra's breach of duties, Plaintiff Richard Kail and Leon Cain suffered significant and life-altering injuries and damages including, but not limited to, past and future medical expenses, past and future loss of earnings and other economic loss, loss of his ability to earn, loss of enjoyment of life, physical and mental pain and suffering, emotional distress and permanent disability.

## I.    FIRST CLAIM FOR RELIEF – NEGLIGENCE OF KHOLBEKOV

32.    Plaintiffs incorporate the above allegations as if fully set forth herein.

33.    Defendant Kholbekov was negligent and reckless in causing this crash. Kholbekov's negligent and reckless acts include, but are not limited to:

a.    Failing to keep a proper lookout;

b.    Driving carelessly;

c.    Driving too fast for conditions;

d.    Driving recklessly;

e.    Failing to heed warnings;

f.    Driving in a manner which was not reasonable under the circumstances; and

g.    Violating traffic control laws and regulations.

34.    As a direct and proximate result of Defendant Kholbekov's negligence and recklessness, Plaintiffs have suffered, and Plaintiff Kail will continue to suffer, significant injury and damages in an amount to be proven at trial.

## II.     SECOND CLAIM FOR RELIEF –
## NEGLIGENCE PER SE OF KHOLBEKOV

35.     Plaintiffs incorporate the above allegations as if fully set forth herein.

36.     Defendant Kholbekov acted in a negligent and reckless manner.

37.     State and federal statutes, regulations, and local ordinances, including but not limited to, the FMCSA, Wyo. Stat. § 31-5-204, Wyo. Stat. § 31-5-229, Wyo. Stat. § 31-5-236, and Wyo. Stat. § 31-5-301 were in effect at the time of this crash.

38.     The Defendant's violation of these and other statutes, regulations, and ordinances constitutes negligence per se or evidence of negligence.

39.     Defendant Kholbekov was negligent per se due to his violation of applicable statutes, regulations and/or ordinances.

40.     As a direct and proximate result of defendant Kholbekov's negligence per se, Plaintiffs have suffered, and Richard Kail will continue to suffer, significant injury and damages in an amount to be proven at trial.

## III.    THIRD CLAIM FOR RELIEF – VICARIOUS LIABILITY OF
## CARAVAN CARGO GROUP, INC. AND BORDERLANDERS, INC.

41.     Plaintiffs incorporate the above allegations as if fully set forth herein.

42.     At the time of this crash, Defendant Kholbekov was an employee and agent of Caravan and Borderlanders, acting in the course and scope of his employment.

43.     Defendant Kholbekov was driving a tractor owned by Caravan under Borderlanders' federal operating authority in interstate commerce at the time of the crash.

44.     Defendants Caravan and Borderlanders, and each of them, are vicariously liable for the negligence and recklessness of their employee/agent Kholbekov, and are responsible for all injuries, damages and losses suffered by the Plaintiffs as described herein.

IV.    **FOURTH CLAIM FOR RELIEF – NEGLIGENT HIRING, TRAINING AND SUPERVISION BY CARAVAN CARGO GROUP, INC. AND BORDERLANDERS, INC.**

45.    Plaintiffs incorporate the above allegations as if fully set forth herein.

46.    At all material times, Defendant Kholbekov was an employee and agent of Caravan and Borderlanders.

47.    Defendants Caravan and Borderlanders owed a duty of reasonable care to Plaintiffs and other members of the public to hire competent, qualified, and safe employees, particularly truck drivers.

48.    Defendants Caravan and Borderlanders owed a duty of reasonable care to Plaintiffs and other members of the public properly supervise their employees, particularly truck drivers such as Defendant Kholbekov.

49.    Defendants Caravan and Borderlanders owed a duty of reasonable care to Plaintiffs and other members of the public to properly train their employees, particularly truck drivers such as Defendant Kholbekov.

50.    Upon information and belief, Defendants Caravan and Borderlanders, and each of them, breached its respective duty to Plaintiffs, and other members of the public, to properly and adequately hire, train, and supervise its employees, including Defendant Kholbekov.

51.    As a direct and proximate result of Defendant Caravan's and Defendant Borderlanders' negligent hiring, training and supervision, Plaintiffs have suffered, and Richard Kail will continue to suffer, significant injury and damages in an amount to be proven at trial.

V.    **FIFTH CLAIM FOR RELIEF – NEGLIGENCE OF AGBOBLI**

52.    Plaintiffs incorporate the above allegations as if fully set forth herein.

53.    Defendant Agbobli was negligent and reckless in causing this crash. Agbobli's negligent and reckless acts include, but are not limited to:

9

a.      Failing to keep a proper lookout;

b.      Driving carelessly;

c.      Improperly and needlessly stopping on the roadway and creating a hazard;

d.      Driving recklessly;

e.      Failing to heed warnings;

f.      Driving in a manner which was not reasonable under the circumstances; and

g.      Violating traffic control laws and regulations.

54.     As a direct and proximate result of Defendant Agbobli's negligence and recklessness, Plaintiffs have suffered, and Plaintiff Kail will continue to suffer, significant injury and damages in an amount to be proven at trial.

## VI.     SIXTH CLAIM FOR RELIEF – NEGLIGENCE PER SE OF AGBOBLI

55.     Plaintiffs incorporate the above allegations as if fully set forth herein.

56.     Defendant Agbobli acted in a negligent and reckless manner.

57.     State and federal statutes, regulations, and local ordinances, including but not limited to, the FMCSA, Wyo. Stat. § 31-5-229, Wyo. Stat. § 31-5-236, Wyo. Stat. § 31-5-304, and Wyo. Stat. § 31-5-504 were in effect at the time of this crash.

58.     The Defendant's violation of these and other statutes, regulations, and ordinances constitutes negligence per se or evidence of negligence.

59.     Defendant Agbobli was negligent per se due to his violation of said statutes, regulations and/or ordinances.

60.     As a direct and proximate result of defendant Agbobli's negligence per se, Plaintiffs have suffered, and Plaintiff Kail will continue to suffer, significant injury and damages in an amount to be proven at trial.

### VII.   SEVENTH CLAIM FOR RELIEF – VICARIOUS LIABILITY OF PETRA TRUCKING, LLC

61.     Plaintiffs incorporate the above allegations as if fully set forth herein.

62.     At the time of this crash, Defendant Agbobli was an employee and agent of Petra acting in the course and scope of his employment.

63.     Defendant Agbobli was driving a Petra tractor with an Amazon trailer for business purposes at the time of the crash.

64.     Defendant Petra is vicariously liable for the negligence and recklessness of its employee Agbobli, and is responsible for all injuries, damages and losses suffered by the Plaintiffs as described herein.

### VIII.   EIGHTH CLAIM FOR RELIEF – NEGLIGENT HIRING, TRAINING AND SUPERVISION BY PETRA TRUCKING, LLC

65.     Plaintiffs incorporate the above allegations as if fully set forth herein.

66.     At all material times, Defendant Agbobli was an employee and agent of Petra.

67.     Defendant Petra owed a duty of reasonable care to Plaintiffs and other members of the public to hire competent, qualified, and safe employees, particularly truck drivers.

68.     Defendant Petra owed a duty of reasonable care to Plaintiffs and other members of the public properly supervise its employees, particularly truck drivers such as Defendant Agbobli.

69.     Defendant Petra owed a duty of reasonable care to Plaintiffs and other members of the public properly train its employees, particularly truck drivers such as Defendant Agbobli.

70.     Upon information and belief, Defendant Petra breached its duty to Plaintiffs, and other members of the public, to properly and adequately hire, train, and supervise its employees, including Defendant Agbobli.

71.     As a direct and proximate result of Defendant Petra's negligent hiring, training and supervision, Plaintiffs have suffered, and Richard Kail will continue to suffer, significant injury and damages in an amount to be proven at trial.

WHEREFORE, Plaintiffs pray that this Court enter judgment against the Defendants for monetary damages in an amount to fairly and justly compensate them for their past and future injuries and damages, wage loss, plus statutory interest, court costs, and all other recoverable damages and expenses.

### JURY DEMAND

Plaintiffs hereby request a jury trial on all claims and issues in this case in accordance with the Federal Rules of Civil Procedure and the rules of this Court.

DATED this 28th day of January 2022.

_____
Rick L. Koehmstedt
SCHWARTZ, BON, WALKER & STUDER, LLC
Wyoming Bar No. 6-3101
141 S. Center St., Suite 500
Casper, WY 82601
(307) 235-6681
(307) 234-5099 fax
rick@schwartzbon.com

and

Charles L. Barnum,
CHARLES L. BARNUM, P.C.
Wyoming Bar No. 6-3094
409 Broadway, Suite A
Rock Springs, WY 82901
307-382-7500
307-362-3309 fax
charles@barnumlawoffice.com

Attorneys for Plaintiffs